Socony-Vacuum Corporation
 vs.    Eq. No. 12320.
Fred J. Quinn et al.

March 4, 1935.

CHURCHILL, J. Heard on demurrer to the amended bill of complaint.

The bill is one to reach and apply the interest of Fred J. Quinn in a trust fund of which the Industrial Trust Company is the trustee.

By amendments to the bill, it appears that the cestui Quinn was adjudged a bankrupt by the United States District Court for the District of Rhode Island on December 18, 1931, and that later Francis J. O'Brien was appointed trustee of the bankrupt's estate.

O'Brien has been made a party to the bill.

The amended bill sets up that title did not vest in O'Brien to the trust fund or its income, but if it be adjudged that title did vest in the trustee in bankruptcy, he knew "of the existence of the trust and * * * actually and intentionally abandoned any rights to said trust fund".

This allegation is attacked on demurrer on two grounds: one, that it is not shown that the District Court of the United States authorized the abandonment, and, secondly, that the facts showing the abandonment are not sufficiently pleaded.

Whatever may be the rule in respect to the necessity of authorization by the United States District Court, it appears to be a matter of defense which the complainant is not bound to anticipate in its bill.

As the Court reads the allegations in the amended bill in regard to abandonment, they appear to be allegations of fact rather than conclusions of law.

The questions raised by the demurrer can be more satisfactorily determined on bill, answer and proof than by demurrer. At any rate, the complainant has alleged sufficient facts to put the respondents to their answers.

The demurrer is overruled and respondents are given ten days to further plead to the bill.

For complainant: Francis I. McCanna, John C. Burke.

For respondent: Huddy & Moulton, Hart, Gainer & Carr.